IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-197-D

| | | |
|---|---|---|
| CLINTON BRINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| THE FRED SMITH COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

On July 25, 2022, Fred Smith Company ("Fred Smith Company" or "defendant") moved to dismiss Clinton Brinson's ("Brinson" or "plaintiff") pro se complaint pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. See [D.E. 16]. On July 25, 2022, the court notified Brinson about Fred Smith Company's motion to dismiss and set a deadline of August 18, 2022, to respond to the motion to dismiss. See [D.E. 18]. On August 19, 2022, Brinson responded in opposition to Fred Smith Company's motion to dismiss [D.E. 19] and filed an amended complaint [D.E. 20]. On August 22, 2022, Brinson filed an amended summons [D.E. 21]. On September 2, 2022, Fred Smith Company moved to strike Brinson's amended complaint [D.E. 25] and replied [D.E. 27]. On September 23, 2022, Fred Smith Company moved to strike Brinson's response [D.E. 29] and filed a memorandum in support [D.E. 30].

On September 27, 2022, Brinson responded in opposition to the motion to strike [D.E. 32] and filed a second amended complaint [D.E. 33]. On October 10, 2022, Fred Smith Company moved to dismiss Brinson's second amended complaint [D.E. 34] and filed a memorandum in support [D.E. 35]. On October 11, 2022, the court notified Brinson about Fred Smith Company's

motion to dismiss [D.E. 36]. On October 18, 2022, Fred Smith Company moved to strike Brinson's second amended complaint [D.E. 37] and filed a memorandum in support [D.E. 38]. On October 19, 2022, the court notified Brinson about Fred Smith Company's motion to strike [D.E. 39]. On October 31, 2022, Brinson responded in opposition to the motion to dismiss [D.E. 40]. On November 2, 2022, Brinson responded in opposition to the motion to strike [D.E. 41].[1] As explained below, the court grants defendant's motion to dismiss Brinson's second amended complaint, dismisses as moot all other motions, and dismisses without prejudice Brinson's second amended complaint.

I.

In Brinson's second amended complaint, Brinson complains about several alleged disciplinary actions at work. See Second Am. Compl. [D.E. 33] 1–15. Brinson alleges that, at some point, a dispute arose between himself and three coworkers, "Ish, Brandon and Aaron[,]" about how

---

[1] On December 22, 2022, Brinson filed an interlocutory appeal. See [D.E. 47]. Appellate court jurisdiction is limited to appeals from certain interlocutory orders, decrees, and judgments when they have a final and irreparable effect on the rights of the parties. See 28 U.S.C. § 1291; Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949); Nero v. Mosby, 890 F.3d 106, 121 (4th Cir. 2018). "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam). However, "[w]hen a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007); see Rucker v. U.S. Dep't of Lab., 798 F.2d 891, 892 (6th Cir. 1986). In this case, there is no final order from which to appeal. Brinson appeals Fred Smith Company's motion to dismiss, but the court has not entered final judgment on the motion to dismiss. Compare [D.E. 34] with [D.E. 48–50] and Informal Brief, Brinson v. Fred Smith Co., No. 22-2317, 5:22-cv-00197 (Jan. 23, 2023), [D.E. 6]. Thus, Brinson's appeal does not divest this court of jurisdiction. See, e.g., Rogers v. Aldrich, No. 4:15-CV-13940, 2016 WL 7404738, at *3 (E.D. Mich. Oct. 14, 2016) (unpublished). Accordingly, the court addresses Fred Smith Company's motion on the merits.

2

Brinson was supervising a job. Id. at 2. As a result of this dispute, Brinson alleges that "Ms. McLeon" sent Brinson to another job. Id. Brinson alleges that because this reassignment could affect his ability to earn wages, Fred Smith Company's action violated the Fair Labor Standards Act's ("FLSA") anti-retaliation provision. See id. at 2, 11–20; cf. 29 U.S.C. § 215(a)(3) (making it unlawful "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter").

Brinson's second amended complaint references another incident involving coworkers "Missy, Maurice, Chelsee, and LaTonya," who would not listen to him. Second Am. Compl. at 2–5. According to Brinson, these coworkers also complained to management that they did not want to work with Brinson. See id. In response, "Monty" removed Brinson from the job even though Monty allegedly knew Brinson had done nothing wrong. Id. at 4. Brinson alleges that his coworkers were lying about him and that being removed from a job could affect his pay. See id. at 5. Thus, according to Brinson, Fred Smith Company violated the FLSA's anti-retaliation provision. See id. at 4, 11–20.

Brinson also recounts a dispute that Brinson had with his coworker Overstreet and three temporary workers regarding how to set up a work zone. See id. at 5–9. During the dispute, Overstreet and Brinson cursed at each other. See id. Brinson alleges that the temporary agency complained that Brinson was not treating the temporary workers properly and asked Fred Smith Company not to assign Brinson to work with the temporary workers from that agency. See id. at 6–8. As a result, Fred Smith Company did not send Brinson back to that job site and did not allow Brinson to supervise temporary workers from that agency. See id. at 8. Brinson contends that Fred

3

Smith Company's actions violated the FLSA's anti-retaliation provision because the actions could affect his pay. See id. at 11–20.

Finally, Brinson complains that supervisor "Ms. Polly" falsely claimed on January 9, 2022, that the police had come to a jobsite where Brinson was working. See id. at 9–11. As a result of his interactions with "Ms. Polly," Brinson contends that his working conditions became intolerable. Thus, according to Brinson, he was forced to resign, thereby resulting in a constructive discharge in violation of the anti-retaliation provision in Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. See id. at 9–20.

II.

Fred Smith Company seeks dismissal of the second amended complaint for (1) insufficiency of process and insufficiency of service of process because Brinson's summons and amended summons fail to name an officer, director, or agent of defendant and because Brinson failed to name a proper entity as a defendant; (2) lack of personal jurisdiction because Brinson failed to comply with the North Carolina and Federal Rules of Civil Procedure governing service of process; (3) lack of subject-matter jurisdiction because the second amended complaint fails to include a short and plain statement of the grounds for the court's jurisdiction; and (4) failure to state a claim upon which relief can be granted. See [D.E. 34]; [D.E. 35] 4–8.

Under Rule 12(b)(2), plaintiff must prove personal jurisdiction. See, e.g., Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993); Fed. R. Civ. P. 12(b)(2). If the court resolves a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, a plaintiff must show a prima facie case of personal jurisdiction. Mylan Labs, Inc. 2 F.3d at 60. In deciding whether plaintiff has proven personal jurisdiction, the court "must draw all reasonable inferences arising from

4

the [plaintiff's] proof, and resolve all factual disputes, in the plaintiff's favor." Id.; Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014).

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or "form" of the process itself, and a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of "service" of process. See Fed. R. Civ. P. 12(b)(4), (b)(5); Lee v. City of Fayetteville, No. 5:15-CV-638, 2016 WL 1266597, at *2 (E.D.N.C. Mar. 30, 2016) (unpublished). Stated differently, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. See, e.g., 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2004). For example, a typical Rule 12(b)(4) challenge alleges that the entity named in the summons is different from the entity named in the complaint. A typical Rule 12(b)(5) challenge alleges that the process was delivered by a person incapable of serving process (e.g., a party), to a person or entity incapable of receiving service (e.g., a minor), or that the service was delivered in an improper way (e.g., via first-class mail). See, e.g., Stokes v. JPMorgan Chase Bank, NA, No. 8:11-cv-2620, 2012 WL 527600, at *5–6 (D. Md. Feb. 16, 2012) (unpublished). Plaintiff bears the burden of establishing proper service of process. See Mylan Labs., 2 F.3d at 60; Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013).

Filing a lawsuit is serious business. Service rules ensure due process and personal jurisdiction over a defendant. Moreover, the rules concerning how to serve a corporation help to alert those receiving a corporation's mail that the mail includes a lawsuit deserving prompt attention. These rules concerning service of process apply equally to litigants proceeding with or without counsel. Service of process is not a mere formality, and courts should not overlook procedural deficiencies even if actual notice occurred. See, e.g., Shaver v. Cooleemee Vol. Fire Dep't, No. 1:07-

5

cv-175, 2008 WL 942560, at *2 (M.D.N.C. April 7, 2008) (unpublished); McDaniel v. Greyhound Lines, Inc., No. 3:08-cv-130, 2008 WL 2704774, at *4 (W.D.N.C. July 7, 2008) (unpublished); Hoyle v. United Auto Workers Loc. Union 5285, 444 F. Supp. 2d 467, 474 (W.D.N.C. 2006).

A party may serve a corporation by following the state law rules for service of process where the action is pending. See Fed. R. Civ. P. 4(e) & (h). North Carolina law permits service "[u]pon a domestic or foreign corporation" in the following ways:

- a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
- b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
- c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
- d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt.

N.C. R. Civ. P. 4(j)(6) (emphasis added). Plaintiff must prove that he accomplished service of process in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure. See Mylan Lab., 2 F.3d at 59–60.

Brinson failed to designate in his summons or amended summons any of the parties authorized by North Carolina Rule of Civil Procedure 4(j)(6) to accept service on behalf of a corporation. See [D.E. 8, 12, 21, 31]. Accordingly, the summons and amended summons were "defective" on their face. See Lane v. Winn-Dixie Charlotte, Inc., 169 N.C. App. 180, 187, 609 S.E.2d 456, 460 (2005). Notably, the party to whom service on a corporation must be addressed are essentially the same under the North Carolina Rules of Civil Procedure and the Federal Rules of

Civil Procedure. Compare N.C. R. Civ. P. 4(j)(6) (requiring that service be directed or addressed to an "officer, director, or managing agent" or registered agent) with Fed. R. Civ. P. 4(h) (requiring that service be directed to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law"). Brinson's summons and amended summons fail to specify the proper title of an individual to receive service of process on behalf of Brinson's employer. Brinson's summons and amended summons are defective. Thus, Brinson failed to properly serve the amended summons and second amended complaint by authorized means or direct or address service of process to any officer, director, or agent of defendant. See Fed. R. Civ. P. 12(b)(4); Adams v. GE Money Bank, No. 1:06-cv-227, 2007 WL 1847283, at *3 (M.D.N.C. June 25, 2007) (unpublished); Shaver, 2008 WL 942560, at *2.

Where the plaintiff in an action has failed to comply with procedural requirements for proper process or service of process, a court may not exercise personal jurisdiction over the defendant. Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); McDaniel, 2008 WL 2704774, at *5; Shaver, 2008 WL 942560, at *3; Adams, 2007 WL 1847283, at *3. Because Brinson failed to comply with the process and service of process requirements, this court lacks personal jurisdiction over the defendant. Accordingly, the court dismisses without prejudice Brinson's second amended complaint.

Alternatively, even if the court has personal jurisdiction over the defendant, the court dismisses Brinson's second amended complaint because Brinson has failed to state a claim upon which relief can be granted. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation

7

omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[ ] [its] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

As for Brinson's FLSA retaliation claim, a plaintiff asserting an FLSA retaliation claim must plausibly allege that:

> (1) he engaged in an activity protected by the FLSA; (2) he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection existed between the employee's activity and the employer's adverse action.

8

Tom v. Hosp. Ventures, LLC, 980 F.3d 1027, 1042 (4th Cir. 2020) (quotation omitted); Darveau v. Detecon, Inc., 515 F.3d 334, 340 (4th Cir. 2008). Brinson's second amended complaint fails to plausibly allege any of these elements. Thus, Brinson's FLSA retaliation claim fails.

As for Brinson's constructive discharge claim, a claim for constructive discharge requires a plaintiff to plausibly allege that his "working conditions [became] so intolerable that a reasonable person in the employee's position would have felt compelled to resign." Green v. Brennan, 578 U.S. 547, 555 (2016) (quotation omitted); see Pa. State Police v. Suders, 542 U.S. 129, 147 (2004); Chapman v. Oakland Living Ctr., Inc., 48 F.4th 222, 235 (4th Cir. 2022); E.E.O.C. v. Consol. Energy, Inc., 860 F.3d 131, 144–45 (4th Cir. 2017); Major v. Cape Fear Acad., No. 7:19-CV-11, 2020 WL 3513243, at *5–6 (E.D.N.C. June 26, 2020) (unpublished); Boney v. Trs. of Cape Fear Cmty. Coll., 366 F. Supp. 3d 756, 763 (E.D.N.C. 2019). The standard to plausibly allege intolerable working conditions is higher than that for a hostile work environment claim under Title VII and section 1981. See Evans v. Int'l Paper Co., 936 F.3d 183, 193 (4th Cir. 2019). "[M]ere dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions" do not constitute objectively intolerable conditions. Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 262 (4th Cir. 2006) (quotation omitted). Moreover, "[b]ecause the claim of constructive discharge is so open to abuse by those who leave employment of their own accord, [the Fourth Circuit] has insisted that it be carefully cabined." Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 187 (4th Cir. 2004) (quotation omitted), abrogated on other grounds by Chapman, 48 F.4th at 235.

Viewing the second amended complaint in the light most favorable to Brinson, Brinson's constructive discharge claim fails. Thus, the court dismisses the claim.

9

III.

In sum, the court DISMISSES as moot defendant's motion to dismiss plaintiff's complaint [D.E. 16], DISMISSES as moot defendant's motions to strike [D.E. 23, 25, 29, 37], GRANTS defendant's motion to dismiss plaintiff's second amended complaint [D.E. 34], and DISMISSES WITHOUT PREJUDICE plaintiff's second amended complaint [D.E. 33].

SO ORDERED. This 23 day of March, 2023.

JAMES C. DEVER III
United States District Judge